UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MONTEMAYOR, | 1: 05 CV 00944 WMW HC |
| Petitioner, | ORDER GRANTING MOTION FOR STAY |
| | [Doc. 14] |
| v. | |
| WARDEN M.S. EVANS, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**PROCEDURAL HISTORY**

Following a jury trial in Madera County Superior Court, Petitioner was convicted of the following: kidnaping (Cal. Penal Code § 207(a), count 1); rape (Penal Code § 261(a)(2), counts 2 and 3); forcible oral copulation (Penal Code § 288a(c)(2), count 4); assault by means likely to cause great bodily injury (Penal Code § 245(a)(1), counts 5 and 6); false imprisonment (Penal Code § 236, count 8); and battery of a cohabitant (§ 243(e)(1), count 9).  The jury also found true the special allegation as to counts 2 and 4 that appellant had kidnaped the victim and moved her in such a way

1  which substantially increased the risk of harm beyond that level of risk inherent in the underlying
2  offenses as to counts two and three (Penal Code § 667.61(a), (b) and (e)) to be true.
3         On June 11, 2001, the trial court sentenced Petitioner to a determinate term of eight years
4  eight months (the six-year midterm on count 4, plus one year on count 5, one year on count 6, and
5  eight months on count 8) plus two indeterminate terms of twenty-five years to life on the two rape
6  convictions in counts 2 and 3.   Petitioner appealed.
7         On January 13, 2003, in an unpublished opinion in case number F038334, the California
8  Court of Appeal, Fifth Appellate District ("Court of Appeal"), held that under section 667.61,
9  Petitioner could not properly be sentenced to two twenty-five years to life sentences and remanded
10 the case for resentencing.
11        On August 8, 2003, the trial court resentenced Petitioner to one indeterminate term of twenty-
12 five years to life, consecutive to a twenty-one year eight-month determinate term.  The determinate
13 term was calculated as follows: the upper term of four years was imposed on count 5, the upper term
14 of eight years each, was imposed on counts 3 and 4, one year was imposed on count 6 (one-third the
15 midterm), and eight months (one-third the midterm) was imposed on count 8.  The court ran the
16 terms on counts 3, 4, 6, and 8 consecutive to one another pursuant to section 667.6(c).  The court
17 sentenced Petitioner to eight years on count 1, but stayed it pursuant to section 654.  Petitioner was
18 sentenced to time already served (126 days) on the misdemeanor conviction for battery of a
19 cohabitant in count 9.  Following the resentencing, Petitioner appealed his conviction on August 13,
20 2003.  On December 22, 2004, Petitioner filed a supplemental letter brief challenging imposition of
21 the upper term as violative of Blakely v. Washington, 542 U.S. 296 (2004).  On January 27, 2005,
22 Respondent filed a response.  On March 22, 2005, the California Court of Appeal affirmed the
23 judgment in an unpublished opinion in case number F043686.
24        On May 4, 2005, Petitioner filed a petition for review with the California Supreme Court.  On
25 June 8, 2005, the petition was denied
26     without prejudice to any relief to which defendant might be entitled after this court
       determines in *People v. Black*, S126128, and *People v. Towne*, S125677, the effect of *Blakely v.*
27     *Washington* (2004) _____U.S. _____ 124 S.Ct. 2531, on California law.
28

**DISCUSSION**

<u>Whether trial court erred under Blakely v. Washington in imposing upper term sentences</u>

Petitioner contends in ground one that under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), the trial court erred by imposing upper term sentences based on facts that were neither found by the jury nor admitted by him. Respondent concedes in his answer that the Supreme Court's recent decision in <u>Cunningham v. California</u>, ___ U.S. ___, 127 S.Ct. 856 (2007) (holding that California's determinate sentencing law authorizing judge rather than jury to find facts exposing defendant to elevated upper term violates the Sixth and Fourteenth Amendment rights to jury trial), has significant impact on Petitioner's claim. Respondent therefore states that Petitioner should be required to return to state court and present his claim there, in light of <u>Cunningham</u>.

A district court has discretion to stay a petition which it may validly consider on the merits. <u>Rhines v. Weber</u>, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-88 (9th Cir. 1998); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). <u>Rhines</u>, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>. at 1535. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." <u>Id</u>.

In this case, the Court does find good cause to excuse Petitioner's failure. Petitioner's direct appeal process had been completed before the <u>Cunningham</u> decision was issued. Staying the case at this juncture in order to allow Petitioner to pursue his claim in state court is therefore reasonable and promotes the well-established policy of deciding cases on the merits. Accordingly, Petitioner's motion for a stay of the proceedings will be granted.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The motion for a stay of this case is GRANTED;

2) This case is stayed pending further order of this court;

3)  Petitioner is ordered to pursue his <u>Cunningham</u> claim in the state court as soon as possible;

4)  Petitioner is ORDERED to file a status report with this court every sixty (60) days, informing this court of the progress of his case in state court.  Petitioner shall immediately inform this court when his claim is resolved by the California Supreme Court.

IT IS SO ORDERED.

**Dated:    January 7, 2008**              /s/  William M. Wunderlich
                                          UNITED STATES MAGISTRATE JUDGE