IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RUBEN MONTEMAYOR,**           ) | 1:05-cv-0944  WMW HC |
| ) | |
| Petitioner,           ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER DENYING** |
| vs.           ) | **MOTION TO AMEND AND** |
| ) | **DISMISSING PETITION FOR** |
| ) | **WRIT OF HABEAS CORPUS** |
| **WARDEN M.S. EVANS,**           ) | **FOR FAILURE TO COMPLY** |
| ) | **WITH COURT ORDERS** |
| Respondent.           ) | |
| ) | |
| ) | |
| _____ ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

On January 8, 2008, the court granted Petitioner's request and entered a stay in this action to allow Petitioner to exhaust his Cunningham claim in state court. Pursuant to this order, Petitioner was required to file a status report with this court every sixty days, informing the court of the progress of his case in state court. Petitioner did not file a status report in March 2008 or in May 2008. On June 11, 2008, the court ordered Petitioner to show cause

within twenty (20) days why this petition should not be dismissed for failure to comply with a court order.  The court expressly warned Petitioner that his failure to respond would result in the dismissal of this case.  The twenty days passed and Petitioner did not respond to the court's order.  Accordingly, on July 9, 2008, the court entered a memorandum opinion and order dismissing this case for failure to comply with a court order.

Petitioner also filed another petition for writ of habeas corpus in this court.  Although received by the court and filed on July 10, 2008, this petition was constructively filed on July 3, 2008.  See Rule 3(d), Rules Governing Section 2254 Proceedings (codifying the mailbox rule for petitioners confined in state prison).   The Clerk of the Court opened a new case number for this case: 1:08-cv-00981 - OWW-DLB HC.  On August 12, 2008, the court ordered Respondent to file a response to the petition.

On October 14, 2008, Respondent filed a response to the court's order of August 12, 2008, in which he requested that the court consolidate Petitioner's two petitions.  The court granted that request on November 17, 2008, ordered that 1:05-cv-0944 WMW HC be reopened, that all future filings be filed in 1:05-cv-0944 WMW HC, and that  1:08-cv-0981-OWW-DLB HC to be closed.

Petitioner's petition in 1:08-cv-0981-OWW-DLB HC was constructively filed six days before the adjudication of the petition in 1:05-cv-0944 WMW was completed. Therefore, the petition must be construed as a motion to amend in 1:05-cv-0944 WMW. Woods v. Carey, 525 F.3d 886, 888-90 (9th Cir. 2008) (a new pro se habeas petition filed before adjudication of a prior habeas petition is complete should be construed as a motion to amend the pending petition).  Respondent opposes this motion to amend.  Specifically, Respondent argues that Petitioner's exhaustion petition filed in the California Supreme Court was denied on November 28, 2007, well before the court granted a stay in 1:05-cv-0944 WMW HC on January 8, 2008. Further, Respondent argues that Petitioner knew the disposition of his petition by the California Supreme Court at the time the court issued the

order granting the stay.  Respondent notes that the incoming mail log for Petitioner while housed at Salinas Valley State Prison shows that Petitioner received the denial order from the California Supreme Court on December 4, 2007.

Petitioner argues in response that the court should allow him to amend his petition in this action with the petition filed in 1:08-cv-0981 OWW DLB HC.  Petitioner states that Respondent incorrectly argues that his state petition was exhausted at the time Petitioner filed his motion for a stay in this court.  Respondent does not make that argument.  Rather, as set forth above, Respondent argues that the California Supreme Court denied Petitioner's petition before this court ruled on Petitioner's motion for a stay, and Petitioner failed to inform this court of the California Supreme Court's decision.  Thus, Petitioner allowed this court to enter an entirely unnecessary stay.  Petitioner admits that he did not file the court-ordered status reports in this case and did not respond to this court's order to show cause issued June 11, 2008.  Petitioner claims that he "misunderstood" the court's order to show cause and "constructed his exhausted claim within his amended petition."  Petitioner claims that his petition in 1:08-cv-0981 OWW DLB HC was filed to "replace" the petition which was stayed in 1:05-cv-0944 WMW.

The court finds that as set forth above, Petitioner did not file any of the court-ordered status reports in 1:05-cv-0944 WMW HC.  Petitioner thus did not inform this court of the California Supreme Court's denial of his petition.  Petitioner did not respond to this court's June 11, 2008 order to show cause.   Rather than comply with this court's orders, Petitioner filed a new petition some seven months after his <u>Cunningham</u> petition was exhausted.  The court finds Petitioner's explanation that he "misunderstood" the court's order to show cause to lack credibility.  There is no indication on the petition in 1:08-cv-0981 OWW DLB HC that it was intended to be filed in 1:05-cv-0944 WMW.  The court finds, therefore, that the petition in 1:08-cv-0981 OWW DLB HC was filed in an attempt to avoid the consequences of Petitioner's failure to comply with this court's orders in 1:05-cv-0944

WMW HC.

Accordingly, for the reasons set forth above and those already expressed in this court's memorandum opinion and order entered July 9, 2008, this court HEREBY ORDERS as follows:

1) The petition for writ of habeas corpus filed in 1:08-cv-0981 OWW DLB HC is construed as a motion to amend in this consolidated action;

2) Petitioner's motion to amend the petition in this action is DENIED;

2) This action is DISMISSED for failure to comply with the court order requiring Petitioner to file status reports in this action and failing to respond to this court's order to show cause; and

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   **January 12, 2009**               /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE